SILER, Circuit Judge.
Petitioner Terrence Williams appeals the denial of his petition for a writ of habeas corpus on the basis that his due process rights were violated by an unduly suggestive identification process and because his right to counsel was violated during a witness interview. For the reasons set forth below, we AFFIRM.
I.
Williams was tried and convicted for shooting and killing a bouncer, Larry Woods, at a Detroit nightclub. Woods had maced and evicted Williams and his friends earlier in the evening. Around midnight, some men who the prosecution claimed were in the same gang as Williams went to the club. When one guest became unruly, he and the rest of the group were escorted out of the club by Woods and others. One of the men began beating on the windows angrily, and Woods came out of the front doors and maced him. Later, the group returned with Williams, after having purchased either a bottle of Windex or ammonia, and approached the front door. It was raining outside and the front door awning was crowded by people trying to escape the downpour. As Woods and other bouncers moved other patrons out of the club and under the awning, a single shot was heard, followed seconds later by two more shots.
Williams was charged with first degree murder under MCL § 750.316. He was also charged with the illegal possession of a firearm. Three people identified Williams as the shooter. Christopher Pearl testified he was waiting under the awning when the bouncers opened the door and evicted the other patrons, at which point he heard the first shot coming from the direction of a phone booth. Then he saw Williams, five feet away, fire two shots in the direction of Woods, one of which hit Woods. Diona Morris was among those evicted in the later altercation. As they exited, she saw Williams, whom she recognized, holding a gun and pointing it in the direction of the bouncers and she heard gunshots. Lastly, Derrick Harrell witnessed one of the bouncers be *508 ing sprayed by the bottle of Windex or ammonia, and he saw Woods mace someone outside the door. He then saw a man in a black leather coat, whom he identified as Williams, fire two shots toward the door.
Williams was convicted of first degree murder and was sentenced to life imprisonment consecutive to two years for the firearm offense. He lost on direct appeal and later filed a state habeas corpus petition, which was denied. He then filed a petition in the district court for the Western District of Michigan. The district court denied the petition. A Certificate of Appealability was granted on the following issues: (1) whether the trial court erred in admitting Pearl’s in-court identification, (2) whether Williams was entitled to counsel before police met with Harrell, and (3) whether defense counsel was ineffective for failing to object to issue (2).
II.
We review the denial of habeas corpus de novo. See Harpster v. Ohio, 128 F.3d 322, 326 (6th Cir.1997).
Here, Williams fads to establish that the Michigan Supreme Court misapplied clearly established federal law in determining that the lineup was not unduly suggestive. He claims that because Pearl was shown several lineups and photo arrays, all of which contained Williams’s picture, this had the impermissible effect of “funneling” down the possibilities through Pearl’s recognition and recall. Due process requires that an identification be sufficiently reliable and the procedure for making such an identification not be unduly suggestive. “Reliability is the linchpin in determining the admissibility of identification testimony.” Manson v. Brathwaite, 432 U.S. 98, 114, 97 S.Ct. 2243, 53 L.Ed.2d 140 (1977). We reject as untenable the notion that Pearl, over the course of several months and in the course of multiple faces, was unable to hold constant Williams’s visage. We also agree with the Michigan Supreme Court that Pearl’s earlier misidentification goes to credibility which is irrelevant to undue suggestiveness.
Finally, Williams fails to prove prejudice. Two other witnesses, Harrell and Morris, also testified as eyewitnesses and the veracity of their identifications is not in dispute. Morris was able to identify Williams because she knew him, which is a strong indicator of reliability. This court has repeatedly emphasized the greater reliability of a witness identification where the witness knew the defendant previously. See, e.g., Towns v. Smith, 395 F.3d 251, 260 (6th Cir.2005) (finding ineffective assistance of counsel for not challenging eyewitness identification where witness did not know defendant personally); Matthews v. Abramajtys, 319 F.3d 780, 789 (6th Cir. 2003).
Williams contends that he was denied his Sixth Amendment right to counsel because his attorney was not informed of and was not permitted to attend a meeting between the police and Harrell. The Sixth Amendment protects a defendant’s right to have his counsel present during the critical stages of a criminal proceeding. See Michigan v. Jackson, 475 U.S. 625, 629, 106 S.Ct. 1404, 89 L.Ed.2d 631 (1986). However, this has never been applied to a witness interview by the police. For this reason, we also reject Williams’s ineffective assistance of counsel claim. As there was no potential violation of his rights with respect to the Williams interview, his counsel did not err by failing to object to Harrell as a witness.
AFFIRMED.